UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-20665-LEIBOWITZ/AUGUSTIN-BIRCH

**CLAUDIA S. COSTA,**

    Plaintiff,

v.

**CELTIC INSURANCE COMPANY,**

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SANCTIONS [DE 25]**

    This cause comes before the Court on Defendant Celtic Insurance Company's Motion for Sanctions. DE 25. The Honorable David S. Leibowitz, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge. DE 50. Plaintiff Claudia S. Costa filed a response to the Motion, DE 27, and Defendant has filed a reply. DE 30. The Court has carefully considered the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion for Sanctions be **DENIED WITHOUT PREJUDICE**.

**I. Background**

    Plaintiff filed a one-count breach of contract Complaint against Defendant, alleging that Defendant issued her an insurance policy and thereafter failed to pay for medical services allegedly covered under that insurance policy. DE 1-1. Contending that the allegations contained within Plaintiff's Complaint are frivolous, both legally and factually, Defendant has filed the present Motion for Sanctions under Federal Rule of Civil Procedure 11. DE 25. In this Motion, Defendant

asks the Court both to dismiss Plaintiff's frivolous claims and to award Defendant its attorney's fees "plus an appropriate amount to deter future misconduct" as sanctions. *Id.* at 12–13.

## II. Analysis

Federal Rule of Civil Procedure 11(b) sets forth certain representations an attorney makes when submitting a pleading or written motion, such as that the factual contentions contained therein have an evidentiary support and that the legal contentions are supported by existing law or at least a good faith argument for modifying existing law. If a party believes the opposing party has violated Rule 11(b) with a pleading or motion, it may move for sanctions under Rule 11(c)(2). However, Rule 11 sanctions regarding a pleading "are ordinarily not determined until the end of a case." *Almeida v. Bennet Auto Supply, Inc.*, 335 F.R.D. 463, 466 (S.D. Fla. 2020) (collecting authorities); *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) ("Although the timing of sanctions rests in the discretion of the trial judge, 'it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.'" (quoting Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment))). Therefore, Defendant's Motion for Sanctions is premature at this juncture, as the litigation remains pending in this case. *See Almeida*, 335 F.R.D. at 466 (denying without prejudice motion for sanctions filed by defendant before the end of litigation); *De Ford v. Koutoulas*, No. 6:22-CV-652-PGB-DCI, 2022 WL 17823907, at *2 (M.D. Fla. Sept. 27, 2022) (same).

Furthermore, although Defendant asks the Court to "dismiss the frivolous claims," DE 25 at 12, "[d]ismissals for frivolous actions ordinarily should be made under Rule 12(b)(6), and a Rule 11 sanction can be made in conjunction with a grant of that motion if the litigant's behavior was particularly egregious." 5A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1336.3 (4th ed.). Defendant did not file a Rule 12(b)(6) motion to dismiss before filing

its Motion for Sanctions; however, Defendant has subsequently filed a motion for summary judgment, which is now fully briefed. DE 36; DE 41; DE 44. The Court concludes that Defendant's arguments concerning the merits of Plaintiff's claims are more appropriately resolved by that motion. And should Defendant prevail on its motion for summary judgment or after trial, Defendant may re-raise its request for an imposition of Rule 11 sanctions.

### III. Recommendation

For the foregoing reasons, the Court recommends **DENYING WITHOUT PREJUDICE** Defendant's Motion for Sanctions [DE 25].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 10th day of April, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE